UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANS EVERS, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 2189 |
| v. ) | |
| ) | Judge John W. Darrah |
| JO ANNE BARNHART, Commissioner of the ) | |
| United States Social Security Administration; ) | |
| JAMES MARTIN; DONNA MUKOGAWA; ) | |
| JERRY KAYSER; LILLIE BROWN; ) | |
| NESTOR FLORESCA; REGGIE POSKOCIMAS; ) | |
| and THE UNITED STATES SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is Plaintiff's Motion to Enter Final Partial Judgment Pursuant to Federal Rule of Civil Procedure 54(b).

## BACKGROUND

Plaintiff, Hans Evers, M.D., filed suit against Defendants, alleging: (1) denial of procedural due process (Count I), (2) denial of substantive due process (Count II), and (3) failure to follow federal regulations (Count III). Evers' claims pertain to the suspension and ultimate termination of his medical consult service contract with the Social Security Administration. Count I alleges that certain Defendants violated Evers' Constitutional right to procedural due process because: (1) the suspension and the termination of his contract constituted a deprivation of his liberty and property without due process of law; (2) the suspension and the termination deprived him of the interest in the remaining five months of the contract; (3) the suspension and the termination deprived him of the reasonable expectancy that his contract would be renewed; (4) the SSA pinned a "badge of

infamy" on him, putting his name, reputation, honor, and integrity at stake without providing him an opportunity to review the evidence against him or make a meaningful response; (5) his termination deprives him not only of present employment but also future employment; (6) he was entitled to a pre-termination hearing; (7) his termination was based upon pretext, and he was actually terminated because he was a whistle blower; and (8) he was entitled to the safeguards set forth in 5 C.F.R. Part 731.

Count II alleges that certain Defendants violated Evers' constitutional right to substantive due process because the termination of the contract was not an appropriate response to an incident involving Evers and a SSA employee. Count III alleges that the SSA failed to follow federal regulations in the termination of his contract and in the *de facto* suspension and debarment of him from future contracts with the Government.

On June 22, 2005, the Court granted Defendants' Motion to Dismiss as to Counts I and II, finding that the Court lacked jurisdiction over Evers' claims relating to the termination of his contract pursuant to the Contract Disputes Act. The Court also dismissed Evers' *Bivens* claims against the individual Defendants, finding that the comprehensive system of remedies for resolving government contract suits via the CDA precludes a private cause of action for an alleged constitutional violation. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 565 (9th Cir. 1994). Lastly, as to Counts I and II, the Court dismissed Evers' claims that the Defendants failed to follow governmental regulations found within 5 C.F.R. Part 731 because 5 C.F.R. Part 731 applied to federal employees, not federal contractors.

2

The Court denied both parties' motions for summary judgment as to Count III, finding that Evers' claim relating to the failure to follow governmental regulations was moot in light of the Court's finding that the regulations did not apply to Evers as a federal contractor. In addition, a genuine issue of material fact existed as to whether the SSA's actions constituted a *dejure* suspension and/or *de facto* debarment.

Subsequently, Evers filed a Motion to Reconsider the Court's June 22, 2005 ruling. Evers' Motion to Reconsider was denied. Evers now moves for a final partial judgment order pursuant to Federal Rule of Civil Procedure 54(b) to enable Evers to file an appeal as to the Court's June 22, 2005 ruling.

## ANALYSIS

If all of one party's claims or rights have been fully adjudicated, the court may enter a partial final judgment upon a determination that there is no just reason for delay. Fed. R. Civ. P. 54(b); *Lottie v. West American Ins. Co.*, 408 F.3d 935, 938 (7th Cir. 2005) (*Lottie*). Partial final judgment is only to be employed when the subjects of the partial judgment do not overlap with those that would remain in the district court. *Lottie*, 408 F.3d at 938-39. Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court. *Lottie*, 408 F.3d at 939. "Separate" does not mean that the claims arise under different legal theories but that there is minimal factual overlap. *Lottie*, 408 F.3d at 939.

Evers argues that partial judgment should be entered because the legal issues between the dismissed claims and the remaining claim are unrelated, and there is a lack of substantial relationship between the dismissed claims and the one remaining claim. While legal issues between the dismissed claims and the remaining claim arise under different legal theories, the facts underlying

3

the claims significantly overlap, precluding Rule 54(b) judgment. Evers' contract with the SSA, the incident with a SSA employee, and the resulting suspension and termination of Evers' contract constitute the factual basis for all of Evers' claims. This is clearly evident by Evers' Complaint in which Evers repleads in Count III all of the facts in Counts I and II. Accordingly, Plaintiff's Motion to Enter Final Partial Judgment Pursuant to Federal Rule of Civil Procedure 54(b) is denied. *See Lottie*, 408 F.3d at 940 (while evidence for claims was not identical, the significant evidentiary overlap precluded Rule 54(b) judgment).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Enter Final Partial Judgment Pursuant to Federal Rule of Civil Procedure 54(b) is denied.

Dated: December 15, 2005

JOHN W. DARRAH
United States District Judge